IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LILLIAN F. BRANTLEY,

      Plaintiff,

                         CIVIL ACTION NO.

v.                       1:12-cv-4476-JEC

U.S. BANK, NA AS TRUSTEE FOR
RAMP 2006NC3,

      Defendants.

## ORDER & OPINION

This case is before the Court on defendant's Motion to Dismiss [2]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendant's Motion to Dismiss [2] should be **GRANTED**.

## BACKGROUND

This case arises out of an allegedly wrongful foreclosure. In 2003, plaintiff Lillian F. Brantley ("plaintiff") purchased real property located at 845 Colt Lane, Conyers, Georgia 30012 (the "Property"). (Compl. [1] at ¶ 5.) On November 4, 2005, plaintiff executed a security deed (the "Security Deed") and note (the "Note") in favor of New World Mortgage, Inc. to refinance the property. (*Id.* at ¶ 7.) On November 21, 2005, the Note and Security Deed were transferred to defendant U.S. Bank National Association

("defendant"). (*Id.* at ¶ 9.)

At some point, plaintiff ceased making regular payments on the loan. (*Id.* at ¶ 10.) Defendant has initiated and cancelled non-judicial foreclosure on multiple occasions. (Def.'s Mot. to Dismiss [2] at 3.) Apparently in response to the threat of foreclosure, plaintiff filed for Chapter 13 bankruptcy on January 3, 2012, but her case was dismissed on March 23, 2012. (*Id.*) Plaintiff then filed for Chapter 7 bankruptcy on August 7, 2012, but defendant was granted relief from the automatic stay and that case was also eventually dismissed. (*Id.* at 3-4 and Ex. D.)

On November 1, 2012, defendant once again notified plaintiff of its intent to initiate a non-judicial foreclosure, and scheduled that foreclosure sale for December 4, 2012. (*Id.* at 4.) In response, plaintiff filed a complaint in the Superior Court of Rockdale County, Georgia, pleading claims of wrongful foreclosure, fraud, quiet title, and fraudulent assignment. (*Id.*) The case was removed to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), with defendant properly establishing diversity jurisdiction under 28 U.S.C. § 1332. (*See* Def.'s Notice of Removal [1].) Defendant then moved to dismiss the action, pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Def.'s Mot. to Dismiss [2].) Plaintiff responded to the Motion to Dismiss. (*See* Pl.'s Resp. to Def.'s Mot. to Dismiss [9].) Finally, defendant replied to plaintiff's response. (*See* Def.'s Reply in

2

Support of Def.'s Mot. to Dismiss [10].)

## DISCUSSION

### I.   MOTION TO DISMISS STANDARD

In deciding a motion to dismiss under Federal Rule 12(b)(6), the Court assumes that all of the allegations in the complaint are true and construes all of the facts in favor of the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). That said, in order to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim [for] relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le]" when it is supported with facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts will "eliminate any allegations in the complaint that are merely legal conclusions." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### II.   PLAINTIFF'S CLAIMS

Plaintiff's complaint alleges four causes of action: wrongful foreclosure, fraud, quiet title, and fraudulent assignment. (Compl.

3

[1] at ¶¶ 19-43.)[1]  The Court addresses these individually, applying the motion to dismiss standard to each.

A.   <u>Wrongful Foreclosure</u>

Georgia law permits non-judicial or power of sale foreclosure, under which a creditor recovers on a debt through foreclosing on the security interest without judicial process.  *See* O.C.G.A. § 44-14-162.  Power of sale is only available if the terms of the deed provide for it, and creditors have a "statutory duty to exercise fairly the power of sale in a deed to secure debt." *Calhoun First Nat'l Bank v. Dickens*, 264 Ga. 285, 286 (1994)(citing O.C.G.A. § 23-2-114).  Under O.C.G.A. § 23-2-114, the terms of the power of sale "shall be strictly construed and shall be fairly exercised."  Where a creditor breaches this duty by not abiding by the terms of the power of sale in the deed, "the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." *Calhoun First Nat'l Bank*, 264 Ga. at 286.  The elements of the tort of wrongful foreclosure are: (1) a legal duty owed to the plaintiff by the foreclosing party, (2) a breach of that duty, (3) a causal connection between the breach and the alleged injury, and (4) damages. *Gregorakos v. Wells Fargo Nat'l Ass'n*, 285 Ga. App. 744, 747-48 (2007)(citing *Heritage Creek Dev. Corp. v.*

---

[1] Plaintiff's Complaint [1] is misnumbered, with ¶ 30 followed by ¶ 41, without the intervening ¶¶ 31-40.

4

*Colonial Bank*, 268 Ga. App. 369, 371 (2004)).  "A claim for wrongful exercise of a power of sale under O.C.G.A. § 23-2-114 can arise when [a] creditor has no legal right to foreclose."  *DeGolyer v. Green Tree Serv., LLC*, 291 Ga. App. 444, 449 (2008)(quoting *Brown v. Freedman*, 222 Ga. App. 213, 214 n.1 (1996)).

Plaintiff alleges wrongful foreclosure on two grounds: (1) that the "Waiver of Borrower's Rights" rider to the Security Deed violates plaintiff's constitutional rights, making the Security Deed invalid; and (2) that defendant is not the proper party to foreclose on the Property.  (Compl. [1] at ¶¶ 19-22.)

First, plaintiff alleges that the Waiver of Borrower's Rights rider "violates plaintiff's constitutional rights.  The rights are guaranteed by the United States Constitution and as such these rights are inalienable and the waiver provisions are therefore unconscionable and unenforceable."[2]  (*Id.* at ¶ 20.)  Plaintiff does

---

[2]  Neither party submits this Waiver of Borrower's Rights as an exhibit.  Defendant states that it is identical to one found constitutional in *Taylor v. Johnson & Freedman, LLC*, Civil Action File No. 1:09-CV-0485-CAM-JFK, 2009 U.S. Dist. LEXIS 130825, at *21-27 (N.D. Ga. Aug. 4, 2009); (Def.'s Mot. to Dismiss [2] at 8).  The waiver in that security deed waived:  "ALL RIGHTS WHICH GRANTOR MAY HAVE UNDER THE *FIFTH* AND *FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES*, THE VARIOUS PROVISIONS OF THE CONSTITUTION FOR THE SEVERAL STATES, OR BY REASON OF ANY OTHER APPLICABLE LAW TO NOTICE AND TO JUDICIAL HEARING PRIOR TO THE EXERCISE BY LENDER OF ANY RIGHT OR REMEDY HEREIN PROVIDED TO THE LENDER."  *Taylor*, 2009 U.S. Dist. LEXIS 130825, at *24-25.  This Court does not presume that the two waivers are identical; however, if they are, the analysis and conclusions in this Order would apply to such a waiver.

not specify what constitutional rights are at issue, but due process rights would seems to be those most likely to be implicated.

This Circuit's predecessor held that non-judicial foreclosure does not implicate state power such as would give rise to constitutional due process issues. *Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1170 (5th Cir. 1975)("That the state merely recognizes the legal effect of such private arrangements does not convert them into state acts for Fourteenth Amendment purposes."); *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 358 (5th Cir. 1977) ("[T]here is no sufficient nexus to transform the private mortgagee's act [of non-judicial foreclosure] into that of the federal government."); *Fed. Deposit Ins. Corp. v. Morrison*, 747 F.2d 610, 615 (11th Cir. 1984)("Foreclosure within the contractual terms and the requirements of Alabama law" did not implicate a mortgagor's due process rights.).[3]

The Georgia Supreme Court agrees that in a non-judicial foreclosure sale, there is no state action, and thus implicates no

---

[3] As the Fifth Circuit noted in *Barrera*: "Virtually all formal private arrangements assume, at some point, the supportive role of the state. To hold that the state, by recognizing the legal effect of those arrangements, converts them into state acts for constitutional purposes would effectively erase to a significant extent the constitutional line between private and state action and subject to judicial scrutiny under the Fourteenth Amendment virtually all private arrangements that purport to have binding legal effect." *Barrera*, 519 F.2d at 1170.

AO 72A
(Rev.8/82)

federal or state constitutional issue. *Coffey Enters. Realty & Dev. Co., Inc. v. Holmes*, 233 Ga. 937, 938 (1975)(A non-judicial foreclosure sale is "a purely contractual matter between two parties in the exercise of private property rights. There is insufficient meaningful government involvement to constitute state action . . . ."). Moreover, the Georgia Supreme Court has held Georgia's foreclosure statute constitutional. *Nat'l Cmty. Bldrs., Inc. v. Citizens & S. Nat'l Bank*, 232 Ga. 594, 596 (1974)("Georgia's realty foreclosure statutes . . . are constitutional, and a foreclosure pursuant to them does not violate procedural due process rights.").

Binding authority on both federal and state constitutional questions have thus found such power of sale provisions constitutional. On this basis, it is apparent that whatever the content of the rider, it cannot implicate plaintiff's constitutional rights.[4]

Second, plaintiff alleges that defendant "is not the 'secured creditor' and has violated O.C.G.A. § 44-14-162(a-c) by commencing foreclosure."[5] (Compl. [1] at ¶ 21.) Plaintiff has alleged no facts

---

[4] It should be reiterated that plaintiff has failed to actually plead facts to support any constitutional violation, and therefore her claim cannot survive a motion to dismiss. The preceding discussion merely indicates why her claim would fail as an allegation of a due process violation.

[5] There is no O.C.G.A. § 44-14-162(c).

7

to support her contention that defendant is not the secured creditor, instead providing only the legal conclusion that the Security Deed "was not executed with the requisite degree of formality required to transfer an interest in real property in the state of Georgia." (*Id.* at ¶ 9.) Because of this, plaintiff contends that defendant lacks authority to bring a foreclosure proceeding. (*Id.* at ¶ 22.)

It is unclear what plaintiff means by "the requisite degree of formality." Under O.C.G.A. § 44-2-6, "assignments of realty shall be filed and recorded in the office of the clerk of the superior court of the county where the land referred to in the instrument is located." The assignment of the Security Deed to defendant by all appearances meets this requirement, containing a stamp indicating its filing at the Rockdale County Superior Court. (*See* Def.'s Mot. to Dismiss [2], Ex. C at 5.)

Thus, plaintiff's objection to defendant's right to pursue a non-judicial foreclosure must be dismissed.

B.   <u>Fraud</u>

On similar grounds, plaintiff alleges fraud. She states that defendant "has pretended to be the  proper entity to bring forth a non-judicial foreclosure with the intent to fraudulently obtain financial benefits at plaintiff's expense." (Compl. [1] at ¶ 24.) Plaintiff bases this on the alleged fact that her home loan was never transferred to the trust of which defendant is trustee. (*Id.* at ¶¶

8

15-16.) Plaintiff conducted her own search, which allegedly revealed that "her loan number...is not part of the series of loans listed in [the] trust." (*Id.* at ¶ 16.)

Georgia law does require that notice of a foreclosure sale be sent "to the debtor by the secured creditor." O.C.G.A. § 44-14-162.2(a). Thus, plaintiff is correct that if defendant has not acquired a security interest in the property, it cannot lawfully foreclose. The question, then, is whether defendant is indeed a secured creditor under Georgia law.

The Georgia Supreme Court has recently clarified what is required to qualify as a secured creditor under § 44-14-162 in its answer to certified questions from this Court. *See You v. JPMorgan Chase Bank, N.A.*, Civil Action No. 1:12-cv-202-JEC-AJB, 2012 WL 3904363, at *4-6 (N.D. Ga. Sept. 7, 2012)(Carnes, J.). In response to the question, "Can the holder of a security deed be considered a secured creditor, such that the deed holder can initiate foreclosure proceedings on residential property even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed?" the Georgia Supreme Court answered in the affirmative. *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 69 (2013).

Based on the Georgia Supreme Court's clarification, there can be no question as to defendant's status as the secured creditor under

O.C.G.A. § 44-14-162.   The Security Deed in the record has been assigned to defendant.  (Def.'s Mot. to Dismiss [2] at Ex. C.)  The Security Deed provides that "Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, [the Property] . . . ."  (*Id.* at Ex. C, p. 2.)  Likewise, the Note was specially indorsed to defendant by the prior holder. (*Id.* at Ex. A, p. 6.)  An indorsed instrument is negotiable and payable to the person identified in the indorsement.  O.C.G.A. § 11-3-205(a).  As rightful holder of both the Note and the Security Deed, there is no apparent reason to question the fact that defendant is the secured creditor.

Thus, it is now clear that, "[u]nder current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed."  *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 74 (2013).  Because of this, even if plaintiff's contention about the securitization of the loan were correct, the facts that defendant holds the Security Deed and that the Security Deed's terms make clear that its holder has power of sale over the Property, make plaintiff's allegation irrelevant.

Second, even without the Georgia Supreme Court's *You* decision, plaintiff's claim for fraud would fail for inadequate pleading.

10

Fraud has five elements: "a false representation by the defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by the plaintiff, and damage to the plaintiff." *Dockens v. Runkle Consulting, Inc.*, 285 Ga. App. 896, 900 (2007)(citations omitted).  Fraud must be pled with specificity. *R.W. Holdco, Inc. v. Johnson*, 267 Ga. App. 859, 866 (2004)("[A] general allegation of fraud...amounts to nothing--it is necessary that the complainant show, by specifications, wherein the fraud consists.  Issuable facts must be charged.")(citation omitted).  On this basis, plaintiff has insufficiently pleaded fraud.  She has not provided any facts to establish any particular false representation, scienter, any intention on the part of defendant to induce action, justifiable reliance, or damages.  In fact, by plaintiff's own complaint it would seem that she *did not* rely on defendant's claim to be the rightful holder of her loan, as she states: "Plaintiff was not in default on her mortgage obligation, however when Defendants were unable and/or unwilling and failed and refused to provide documentation to support their claims for payment Plaintiff became suspicious of Defendants standing and Plaintiff began to rightfully withhold payments pending legal validation of Defendant's standing." (Compl. [1] at ¶ 10.)

Thus, because plaintiff's pleadings fail to allege specific facts to support a claim for fraud, and what she has pled cuts

against defendant's alleged fraud, defendant's motion to dismiss must succeed with respect to the fraud allegation.

C.   <u>Slander of Title and Quiet Title</u>

Plaintiff alleges that defendant has slandered her title to the Property by instituting non-judicial foreclosure proceedings, and she seeks to quiet title to prevent further slander of title. (Compl. [1] at ¶¶ 25-26.) Under Georgia law, "[t]he owner of any estate in lands may bring an action for libelous or slanderous words which falsely and maliciously impugn his title if any damage accrues to him therefrom." O.C.G.A. § 51-9-11. Slander of title requires that the plaintiff prove: "the uttering and publishing of the slanderous words; that they were false; that they were malicious; that he sustained special damage thereby; and that he possessed an estate in the property slandered." *Latson v. Boaz*, 278 Ga. 113, 114 (2004)(citation omitted). Plaintiff's allegations are not supported by any specific facts beyond the blanket claim that defendant lacks "the capacity, standing, and/or authority" to exercise the rights associated with being a secured creditor. (Compl. [1] at ¶ 26.) As discussed above, this is incorrect and defendant does qualify as a secured creditor under Georgia law. Thus, there is no slander of title.

As for the quiet title action, plaintiff has attached to her complaint none of the documentation required under Georgia statute to

12

quiet title.  *See* O.C.G.A. § 23-3-62.  Further, quiet title is an equitable remedy, and a plaintiff seeking equitable relief must have clean hands.  O.C.G.A. § 23-1-10 ("He who would have equity must do equity.").   In the case of mortgages, this requires that the plaintiff seeking to quiet title has paid the loan.  *See Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 850 (2003)("[A] plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note.")(citations omitted).  As plaintiff has admitted to defaulting on her loan payments, she cannot seek equitable relief.

Thus, plaintiff's actions for slander of title and to quiet title does not survive defendant's motion to dismiss.

D.   <u>Fraudulent Assignment</u>

Finally, plaintiff alleges that her Security Deed was fraudulently assigned, and thus rendered defective.  (Compl. [1] at §§ 29-43.).  Plaintiff's legal theory is unclear, as she first quotes without explanation an inapplicable criminal statute, O.C.G.A. § 44-2-43, before citing the more apropos statute, O.C.G.A. § 44-14-162, which nonetheless does not support her claim for fraudulent assignment.  The latter statute describes the requisite formalities for conducting a foreclosure sale.  It indicates the time, place, and manner of the sale.  O.C.G.A. § 44-14-162(a).  It further indicates

13

that the security instrument and any assignments have to have been filed in the county superior court prior to the sale. O.C.G.A. § 44-14-162(b). Because no sale has yet been initiated in the present matter, however, plaintiff has no grounds for challenging the sale under O.C.G.A. § 44-14-162.

### CONCLUSION

Because plaintiff has not pleaded sufficient facts to support a valid cause of action against defendant, the Court **GRANTS** defendant's Motion to Dismiss [2].

SO ORDERED, this 28th day of September, 2013.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

14